IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DARRELL M. KNOX
AND TONI KNOX                                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 5:07-cv-6(DCB)(JMR)

JOSE FERRER, M.D., AND
RIVER REGION HEALTH SYSTEM,
D/B/A RIVER REGION MEDICAL CENTER                                 DEFENDANTS


ORDER

This cause is before the Court on the defendants' General Motion in Limine **(docket entry 55)**.  Having carefully considered the motion and response, and being otherwise fully advised in the premises, the Court finds as follows:

The defendants seek to exclude the following matters from trial:

(1) Any mention of liability insurance;

(2) Any attempts by plaintiffs to elicit expert testimony from any of Darrell Knox's treating physicians not previously identified as testifying experts under Fed.R.Civ.P. 26(b)(4);

(3) Any attempts by plaintiffs to elicit medical expert testimony which calls for speculation in the form of medical possibilities;

(4) Any questioning of the defendants concerning other lawsuits which have been field against them;

(5) Any mention of financial disparity between the plaintiffs and the defendants.

The plaintiffs respond that they do not contest (1), (2) and (4); therefore, these portions of the motion shall be granted.

In response to (3), the plaintiffs state that they "expect to present expert testimony that is admissible pursuant to Mississippi law."  Under Mississippi law, to be probative, medical opinion testimony must be offered in terms of probabilities, not possibilities.  Garrett v. Wade, 259 So.2d 476 (Miss. 1972).  The plaintiffs object to (3) on grounds that the defendants have not pointed to any particular medical opinion that is objectionable on the basis of speculation, and that this portion of the motion is vague and premature.  The Court agrees that since the defendants do not seek exclusion of a particular expert's anticipated testimony, the motion serves no purpose other than to state a law of admissibility which is uncontested.  This portion shall therefore be denied without prejudice.

In response to (5), the plaintiffs object that this portion of the motion is too broad to inform the plaintiffs or the Court of the context of the defendants' motion.  The Court agrees that this portion is too general and it shall be denied without prejudice.  Accordingly,

IT IS HEREBY ORDERED that the defendants' General Motion in Limine **(docket entry 55)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to items (1), (2) and (4);

DENIED WITHOUT PREJUDICE as to items (3) and (5).

SO ORDERED, this the 22nd day of September, 2008.


                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE