```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


DARRELL M. KNOX
AND TONI KNOX                                          PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:07-cv-6(DCB)(JMR)

JOSE FERRER, M.D., AND
RIVER REGION HEALTH SYSTEM,
D/B/A RIVER REGION MEDICAL CENTER                      DEFENDANTS
```

ORDER

This cause is before the Court on the defendants' motion in limine **(docket entry 54)** to exclude evidence of medical bills written off by plaintiff Darrell Knox's medical providers. Having carefully considered the motion and response, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

The defendants seek to exclude any amounts of medical expenses billed to Darrell Knox but subsequently written off by the medical providers as a result of negotiations with Knox's private insurer. The plaintiffs respond that the entire amounts of the medical bills are recoverable as damages.

The collateral source rule is well established in Mississippi. Brandon HMA, Inc. v. Bradshaw, 809 So.2d 611, 618 (Miss. 2001). "Under this rule, a defendant tortfeasor is not entitled to have damages for which he is liable reduced by reason of the fact that the plaintiff has received compensation for his injury by and through a totally independent source, separate and apart from the

defendant tortfeasor." Central Bank of Mississippi v. Butler, 517 So.2d 507, 511-12 (Miss. 1987)(citations omitted).

In addition to money paid by insurance companies, gratuitous medical care as well as gratuitous gifts received by the plaintiff are considered to fall under the collateral source rule. See Brandon HMA, 809 So.2d at 618 (citations omitted); Clary v. Global Marine, Inc., 369 So.2d 507, 509 (Miss. 1979)(quoting 22 Am.Jur.2d Damages § 206 (1965). Similarly, amounts written off by medical providers come under the rule. Brandon HMA, 809 So.2d at 618-20; Wal-Mart v. Frierson, 818 So.2d 1135, 1139-40 (Miss. 2002); see also Purdon v. Locke, 807 So.2d 373, 378-79 (Miss. 2002).

The defendants argue that the Mississippi legislature changed the applicability of the collateral source rule to write-offs by enacting Miss. Code Ann. § 11-1-60 in 2002, after Brandon HMA was decided. The statute defines "actual economic damages" as, inter alia, "objectively verifiable pecuniary damages arising from medical expenses and medical care ...." Additionally, the defendants cite Miss. Code Ann. § 41-9-119, which provides:

> Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.

The defendants argue that "medical expenses billed but never incurred by anyone, neither Mr. Knox nor a third-party payor, do not constitute damages as defined by Mississippi statutory law." Def. Mem., p. 4.

2

Miss. Code Ann. § 41-9-119 was in effect at the time <u>Brandon HMA</u> was decided. To "incur" means "to have liabilities cast upon one by act or operation of law [or to] become liable or subject to." BLACK'S LAW DICTIONARY 691 (5th ed. 1979). When valuable services are rendered and accepted, the law implies an obligation to pay for such services what they are reasonably worth. <u>Redd v. L&A Contracting Co.</u>, 151 So.2d 205, 209 (Miss. 1963). Thus, Knox's medical bills were incurred by him when he received the care necessary to treat his injuries. A subsequent write-off does not serve to remove the amounts from operation of the collateral source rule. <u>See</u> <u>Purdon</u>, 807 So.2d at 378 ("There is no doubt that demands for payment were delivered to Locke and thus, incurred by him. Thus, the jury was properly allowed to hear them.").

As for Miss. Code Ann. § 11-1-60, Knox's medical bills are "objectively verifiable" by reference to the bills themselves, the treatment received by Knox, and the reasonableness thereof. A subsequent write-off does not make them any less so.

For the foregoing reasons, the court finds that the defendants' motion to exclude those portions of medical bills written off by Knox's medical providers shall be denied. Accordingly,

IT IS HEREBY ORDERED that the defendants' motion in limine **(docket entry 54)** to exclude evidence of medical bills written off by plaintiff Darrell Knox's medical providers is DENIED.

SO ORDERED, this the 25th day of September, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE