```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


DARRELL M. KNOX
AND TONI KNOX                                          PLAINTIFFS

VS.                          CIVIL ACTION NO. 5:07-cv-6(DCB)(JMR)

JOSE FERRER, M.D., AND
RIVER REGION HEALTH SYSTEM,
D/B/A RIVER REGION MEDICAL CENTER                      DEFENDANTS
```

ORDER

This cause is before the Court on the plaintiffs' motion in limine **(docket entry 56)** to exclude evidence of plaintiff Darrell Knox ("Knox")'s alcohol consumption. Having carefully considered the motion and response, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

The plaintiffs seek to exclude any evidence that Knox consumed alcohol before his accident. On the night of March 1, 2006, Knox was involved in a one car automobile accident in Tallulah, Louisiana, when he fell asleep, ran off the road, and struck a tree. Knox was immediately taken to Madison Parish Hospital. Early the next morning, he was admitted to River Region Medical Center in Vicksburg, Mississippi, where he was examined and treated by Dr. Jose Ferrer. This case is a medical malpractice action against the defendants, River Region and Dr. Ferrer, alleging negligence which led to, inter alia, the subsequent amputation of Knox's left leg below the knee.

The triage nurse at Madison Parish Hospital, as well as the treating physician, Dr. Poliquit, noted that Knox stated that he "fell asleep at wheel [and] states he has had 3 beers tonight." Dr. Poliquit also noted that Knox smelled of alcohol and suspected he was driving under the influence. Additionally, Dr. Poliquit diagnosed Knox as suffering from "alcoholic intoxication." Madison Parish Hospital Physician Medical Record.

Knox was transferred to River Region where he was to undergo a closed reduction under anesthesia of his left ankle/foot fracture with application of a long leg cast. Prior to the procedure, the anesthesiologist noted that Knox was positive for "Etoh," a shorthand abbreviation for alcohol. River Region Health System Anesthesia Preoperative Evaluation. Knox also testified in his deposition that he consumed three beers before getting in his car and having his accident. This was confirmed by his wife, Toni Knox. Dep. of Darrell Knox, pp. 18-19; Dep. of Toni Knox, pp. 7-9.

The plaintiffs seek to exclude all evidence of alcohol consumption, and any reference thereto, on grounds that it is irrelevant (Fed.R.Evid. 402) and, alternatively, that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury (Fed.R.Evid. 403).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  While it is true that Knox's consumption of alcohol may be relevant to the issue of whether the automobile accident was caused by his negligence, the cause of the automobile accident is not an issue in this case. See Walsh v. New London Hospital, 856 F.Supp. 22, 23 (D. N.H. 1994)("Defendants have cited no authority stating that a plaintiff's conduct occasioning his injury can constitute fault for the improper medical treatment of such injury.").

Consumption of alcohol may be relevant to the issue of a plaintiff's contributory negligence regarding the defendant's medical treatment for the plaintiff's injuries.  See Carroll v. Morgan, 17 F.3d 787, 791 (5th Cir. 1994)(defendant's medical testimony that smoking and alcohol use contributed to plaintiff's severe coronary heart disease was admissible); Haney v. Mizell Memorial Hospital, 744 F.2d 1467, 1475 (11th Cir. 1984)(plaintiff's "level of intoxication when treated was relevant to his ability to communicate with medical personnel and their ability to restrain and obtain cooperation from him;" plaintiff's history of alcohol and drug use was relevant to issue of damages, e.g., plaintiff's "ability to adjust emotionally to his infirmity and become more fully rehabilitated.").

The defendants herein do not allege that Knox's alcohol consumption is relevant to any decisions that were made by them

concerning the care they rendered to Knox.  Nor do they allege that they were prevented from rendering appropriate care as a result of any alleged intoxication.  Furthermore, there is no allegation of a history of alcohol consumption that might be relevant to any issue in the case.

In Walsh, the defendant failed to produce evidence that the medical malpractice plaintiff's alcohol consumption prior to the automobile accident for which he was treated was a factor in the assessment of his overall condition by emergency medical technicians (EMTs), or that his alleged combativeness affected his treatment by the EMTs or his evaluation and treatment in the emergency room.  Walsh, 856 F.Supp. at 23-24.  The district court therefore held:

> In light of the above, the court finds and rules that defendants are precluded from introducing evidence of alcohol consumption for any substantive purpose under Rule 402, Fed.R.Evid.  Further, assuming arguendo that evidence of alcohol consumption is relevant for any substantive purpose, the court finds and rules that such evidence would be inadmissible under Rule 403, Fed.R.Evid., because its probative value is substantially outweighed by the danger of unfair prejudice resulting from the jury's exposure to the issue of plaintiff's alleged intoxication.

Id. at 24.

In this case, the defendants have failed to produce evidence that Knox's consumption of alcohol is relevant to any issue in this case.  Furthermore, any probative value of the evidence would be substantially outweighed by its prejudicial effect.  The Court

4

therefore finds that the evidence should be excluded under Fed.R.Evid. 402 and 403.  Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion in limine **(docket entry 56)** to exclude evidence of plaintiff Darrell Knox's alcohol consumption is GRANTED.

SO ORDERED, this the 25th day of September, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE